UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-221-KSF

MICHAEL CASTLE                                                                                          PLAINTIFF

vs.                                            **OPINION AND ORDER**

PAUL HOWARD, et al.                                                                             DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's objections to Magistrate Judge Robert E. Wier's Order dated May 29, 2012. DE 43. For the reasons stated below, the objections will be overruled.

**I.      BACKGROUND**

Magistrate Judge Wier's May 29, 2012 Order precluded Plaintiff, in his case-in-chief, from offering proof from Dr. Ron Martinelli or any undisclosed expert. DE 38 at 8. This Order arose from Plaintiff's failure to comply with an extended April 2, 2012 deadline for expert disclosure and his repeated motions thereafter for enlargements of time.[1] The details surrounding the retention of the expert and delay in providing a report are discussed more fully in the May 29 Order. The Magistrate Judge previously denied two of Plaintiff's motions because he did not satisfy the requirements for excusable neglect under Fed. R. Civ. P. 6. DE 25, 27. Plaintiff objected to those orders and submitted new reasons for his delayed expert disclosure under Fed. R. Civ. P. 26(a)(2). Following a hearing on May 11, 2012, this Court overruled the objections, but allowed Plaintiff to re-file the motion for the Magistrate Judge's consideration in light of the additional information provided to the Court. DE 34. On May 15, Plaintiff submitted a new motion requesting an extension of time through May 4, but he still did not tender an expert report to opposing counsel.

---

[1] Plaintiff disclosed the name of an expert on April 3, but said his report would not be available for two more weeks. Defendants made their expert disclosure on April 2.

Magistrate Judge Wier denied the extension because Plaintiff again failed to show excusable neglect. DE 38. It is this most recent order to which Plaintiff now objects.

## II.   ANALYSIS

When ruling on objections to a magistrate judge's nondispositive, pretrial order, this Court must sustain the order unless the findings are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). *See also Chesher v. Allen*, 122 F. App'x. 184, 187 (6th Cir. 2005) (a district court would have had to find the magistrate judge's decision clearly erroneous before reversing the decision). A magistrate judge's determinations are afforded considerable deference.

Plaintiff acknowledges the foregoing standard [DE 43 at 1] and argues the Magistrate Judge's decision was clearly erroneous for noting that Plaintiff still had not provided the expert disclosure as of May 17, 2012.[2] Plaintiff contends he was "precluded ... from filing the disclosure" by the court orders. He says, "If I was given the right to file the disclosure it would have been filed May 4, 2012, the date I received same." *Id.* at 2-3.

This Court disagrees that the Magistrate Judge's orders were erroneous. First, disclosures under Rule 26(a)(1) or (2) are not to be "filed" at all, with certain exceptions not applicable here. Rule 5(d). Second, none of the orders precluded Plaintiff from providing any expert report to opposing counsel as soon as it was available. Magistrate Judge Wier imposed the Rule 37(c)(1) sanction of precluding proof from Dr. Martinelli or any undisclosed expert in Plaintiff's case-in-chief, after determining Plaintiff's failure was not "substantially justified" or "harmless." DE 25 at 4. This April 27 Order specifically noted that an element of harmless error was sufficient knowledge of the contents of the report by Defendants. *Id.* at n. 3. Plaintiff's subsequent motions to enlarge the deadline to May 4 clearly are aimed at avoiding the sanction, but Plaintiff continued to withhold the report from opposing counsel.

---

[2] Defendants point out that the report never was provided until June 1, 2012 when it was submitted as a rebuttal report. DE 47 at 3.

2

Plaintiff further claims the Order "is clearly erroneous because there is nothing in the rules that required the Plaintiff to answer the interrogatories before the Defendant has to file his expert disclosure." DE 38 at 4.  This objection apparently references that portion of the Order which notes that Defendants requested the expert disclosure deadline be extended from February 23, 2012 to April 2, 2012 because Plaintiff did not execute a medical records authorization and release until March 1, 2012, four months after it was requested.  Plaintiff mistakes this discussion as evoking some requirement.  Instead, the Magistrate Judge was merely disagreeing with Plaintiff's argument that equity dictated Plaintiff's extension simply because the Defendants had already received an extension.  Plaintiff belabors his argument that no rule requires interrogatory answers before expert disclosure.  *Id.* at 5.  While there may be no such rule, common sense dictates that complete medical records would need to be reviewed by a defense expert before a report could be prepared that contained "a complete statement of all opinions the witness will express and the basis and reasons for them."  The Magistrate Judge's analysis of the factors associated with a claim of excusable neglect properly considered this "reason for delay, including whether the delay was within the reasonable control of the moving party." *Nafziger v. McDermott International, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).  Moreover, this was just one of the many factors that weighed against a finding of excusable neglect.

Plaintiff filed an Amendment to his appeal of the Magistrate Judge's decision on June 28, 2012, which is not a timely objection within 14 days under Rule 72.  That Rule provides in part: "A party may not assign as error a defect in the order not timely objected to."  Accordingly, the delay in filing is sufficient reason by itself to deny the objection.

Importantly, the amendment also includes inaccurate information.  Plaintiff claims that any prejudice to Defendants from the delay in filing an expert report was "rendered moot" when Defendants took the deposition of Dr. Martinelli, now Plaintiff's rebuttal expert, and "examined [him] on every single fact involved in this case from start to finish including some medical questions and

3

causation questions." DE 54 at 2. Defendants note that the "rebuttal" report filed on June 1, 2012 was the delayed original May 2, 2012 report of Dr. Martinelli, and it never referenced Defendants' expert opinions. After Defendants objected to the report, Magistrate Judge Wier found that it was "clearly not a rebuttal report" and allowed Plaintiff two more weeks to produce a true rebuttal report. Plaintiff's report filed June 13, 2012 was reduced from 37 pages to 13 pages. Defendants' deposition of Dr. Martinelli was limited to the June 13 report. This deposition did not eliminate the prejudice found by Magistrate Judge Wier in his May 29, 2012 Order.

### III.   CONCLUSION

Having reviewed the Magistrate Judge's Order and the objections thereto, the Court finds that Plaintiff has failed to show that the Order is clearly erroneous or contrary to law. The Objections [DE 43] and Amendment to the Objections [DE 54] are **OVERRULED**.

This July 23, 2012.

Signed By:

*Karl S. Forester*   KSF

United States Senior Judge